FILED
U.S. District Court
District of Kansas
01/26/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAMAR RAY STEELE JR.,**

  **Plaintiff,**

  v.              CASE NO. 25-3242-JWL

**(LNU), et al.,**

  **Defendants.**

## MEMORANDUM AND ORDER

  Plaintiff, a federal pretrial detainee, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is currently being held at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). The Court granted Plaintiff leave to proceed in forma pauperis. On December 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Motion to File Response Out of Time (Doc. 5) and attached response to the MOSC (Doc. 5-1).

  Plaintiff complains of events occurring primarily on January 4, 2024, when he was the subject of an allegedly unjustified cell extraction. *See* MOSC, Doc. 4, at 1-2. The Complaint asserts that Plaintiff was denied due process, denied adequate medical care, and subjected to excessive force and inhumane conditions of confinement. *Id*. at 2. Plaintiff names 5 defendants, all staff at FCIL. Plaintiff seeks relief in the form of compensatory and punitive damages. *Id*.

  The Court found in the MOSC that Plaintiff has not shown that a *Bivens* remedy is available for his claims. (Doc. 4, at 4.)

  In his response, Plaintiff again asserts that his Fourteenth Amendment rights were violated

1

and describes the actions of the five defendants. (Doc. 5-1, at 3-8.) He argues that his injuries "warrant damages and remedies that cannot be provided through the Bureau of Prisons' Administrative Remedy Program (ARP)" and "asserts that his claims arise under a new Bivens context." *Id*. at 3. Plaintiff contends that the courts are "better equipped than elected representatives to weigh the costs and benefits of creating a cause of action in this context" and that "the only effective deterrent to constitutional violations is judicially created remedies," as no effective alternative remedial structure exists. *Id.* at 5. He alleges that he has filed at least twenty Administrative Remedy Request since January 1, 2024, and has not been advised of the outcomes of his staff misconduct allegations, "rendering the ARP futile." *Id.* at 8. Plaintiff concludes by stating, "Because no meaningful investigation or relief is provided, Plaintiff asserts the Court must recognize and allow this new Bivens claim to proceed." *Id.*

"Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024) (citation omitted). Rather, they generally are "invoked defensively in cases arising under other sources of law or asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g.*, 42 U.S.C. § 1983." *Id.* Section 1983 states, in relevant part:

> Every person who, under color of any statute . . . of any State or Territory or the District of Columbia, subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress* . . . .

42 U.S.C. § 1983 (emphasis added).

By this language, "[s]ection 1983 allows an individual to sue a government actor in his individual capacity for violating her constitutional rights and recover money damages from resulting injuries that the actor caused by his violation." *Cuervo v. Sorenson*, 112 F.4th 1307, 131-

2

14 (10th Cir. 2024). In other words, 42 U.S.C. § 1983 creates a cause of action or a right of action for an individual whose constitutional rights are violated by someone acting under color of state law. In addition, state law sometimes provides a cause of action for enforcement of constitutional rights. *See DeVillier*, 601 U.S. at 292-93 (holding that Texas state law provides a cause of action by which landowners could seek compensation owed to them under the Takings Clause of the Fifth Amendment to the United States Constitution).

Prior to *Bivens*, there was no private federal right of action available for an individual whose Fourth Amendment rights had been violated by *federal* agents acting under color of their *federal* authority. Put another way, before *Bivens* was decided in 1971, an individual had no right to sue in federal court a federal agent who, while acting under color of federal law, violated the individual's constitutional rights. In *Bivens*, the United States Supreme Court "created a cause of action against federal agents for a violation of the Bill of Rights." *See Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024); *see also Mohamed v. Jones*, 100 F.4th 1214, 1229 (10th Cir. 2024) ("When the Supreme Court decided *Bivens*, it created a claim for constitutional violations by federal officials."). The *Bivens* Court held that a person whose complaint asserted that his Fourth Amendment rights were violated by federal agents acting under color of federal authority "state[d] a cause of action" and therefore that person was "entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Bivens*, 403 U.S. at 397. By so holding, the Supreme Court "implied" a federal cause of action. *See Mohamed*, 100 F.4th at 1229.

As explained in the MOSC, more recent decisions from the Supreme Court have severely curtailed the recognition of "a *Bivens* cause of action" and have, in essence, prohibited its expansion beyond certain specific contexts, none of which exist here. (Doc. 4, p. 6-8.) Therefore,

unless Plaintiff can identify another legal basis that gives him the right to seek relief for the violation of his constitutional rights by the Defendant federal agents, he may not pursue the claims he asserts in this action.

Plaintiff's argument that the courts are in a better position to create a remedy than Congress has been specifically rejected by the Supreme Court. *Egbert v. Boule*, 596 U.S. 482, 503 (2022) (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it. To create a new cause of action is to assign new private rights and liabilities—a power that is in every meaningful sense an act of legislation.")

Further, Plaintiff's argument that the ARP is ineffective also appears to be of no avail. "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498 (internal quotation marks omitted). The Tenth Circuit has found that the ARP is adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022); *see Walker v. Hudson*, No. 24-3148, 2025 WL 1577808, at *3 (10th Cir. June 4, 2025) (finding the Tenth Circuit had repeatedly found the ARP offers an independently sufficient ground to foreclose a *Bivens* remedy and rejecting plaintiff's argument that the ARP was not an adequate alternative remedy and produced no administrative results).

The Court acknowledges Plaintiff's frustration, but, even taking all of his factual allegations as true, Plaintiff has not shown that he has a cause of action by which to bring these claims. Plaintiff has failed to show good cause why this matter should not be dismissed for the

reasons set forth in the MOSC.  Thus, this case must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff has also filed a motion titled "Request for Late Filing of Plaintiff's Response to Court's Order to Show Cause." (Doc. 5.)  He asks that the Court accept his response even though it was received after the deadline, stating issues with the mail at FCIL that were beyond his control caused the filing to be late.  *Id*. at 1.  Plaintiff's motion is granted, and his response was considered as discussed above.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Request for Late Filing of Plaintiff's Response to Court's Order to Show Cause (Doc. 5.) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 26, 2026, in Kansas City, Kansas.**

        **S/   John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**